[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR FINDING OF NEGLECT AND TERMINATION OF THE PARENTAL RIGHTS
The petition in this case as amended, is dated July 26, 2000, and was filed on July 28, 2000. The petition alleges that Tyquell K. is a minor child born to Carolyn K. and Charles W. The petition further alleges that the parental rights of the respondents should be terminated because the child has been abandoned by both parents and that they have failed to maintain a reasonable degree of interest, concern, or responsibility as to the child's welfare; that there is no ongoing parent/child relationship with respect to either parent such that would ordinarily develop as a result of a parent having met the physical, emotional, moral, and educational needs of the minor child on a day to day basis that further time for the establishment of such a relationship would be detrimental to the best interests of the child; and also that this child is less than seven years of age, and his mother is unable and/or willing to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable period of time the mother could assume a responsible position in the life of the child.
Based upon the evidence submitted, the Court finds that those allegations have been proven by the petitioner by clear and convincing evidence. CT Page 16001
In addition to the foregoing, the Court is required by statute to make written findings, also by clear and convincing evidence.
Those findings are as follows:
1. The Court finds that appropriate services were offered to the mother on a timely basis in order to facilitate her relationship and reunion with the minor child. Specifically, the department offered an evaluation by Dr. David Kruley, a guardian ad litem was appointed for the respondent mother, substance abuse evaluation and services at ADRC, transportation to visit with the child, transportation to substance abuse treatment. As to the father, the department was unable to provide services because the whereabouts of the father have been unknown throughout the life of the child. The father has failed to communicate with the child, the mother, or the department in any way.
2. The Court finds that the Department of Children and Families has made a reasonable effort to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended. In support of that finding, the Court notes the addendum to the social study for termination of parental rights dated January 14, 2000, which addendum id dated July 17, 2000.
3. With respect to findings regarding the terms of applicable court orders and agreements by individual agencies and/or the parents, the Court notes that since January 25, 1997, the respondent mother has been involved with the Department of Children and Families. She has been told in a number of settings of her need to address her parenting skills, her housing situation, and principally her longstanding substance abuse problem. She has made several agreements with providers of substance abuse treatment to undergo programs as offered. She has, time and time again, failed to follow through with her substance abuse treatment or meaningfully address her issue as to substance abuse. In addition, she has failed to obtain housing, and she failed to visit the child consistently in accordance with the opportunities provided by the department. The respondent mother attended only 8 or 30 scheduled visits from the time of the birth of the child until February 2000. From February 2000 to 2000 she did not visit the child at all. In April 2000 she visited the child twice in the same week, and then not again between April and July of that year. She has not consistently inquired as to the well being of the child, nor has she supported the child either emotionally, physically, or financially. With respect to the respondent father, again the father has not had any contact of any kind with this child.
4. The Court is further required to make findings regarding the feelings and emotional ties of the child with respect to his parents, any CT Page 16002 guardian of his person, or any person who has exercised physical care, custody, and control of the child. The testimony offered at trial by both DCF social workers who are familiar with the case shows by clear and convincing evidence that the child does have a significant bond and emotional attachment to his foster mother. There is a complete absence of evidence that the child has any emotional ties to his parents. Mr. Beazogliou, of the Department of Children and Families, testified that in August 2000, the mother and child were present at the same location and the mother did not recognize the child. It was his testimony that she had to ask him in order to confirm the child's identity. The father has not seen the child nor has he had any contact with the child. Accordingly, the Court finds that there is no emotional bond between the child and either of these parents.
5. The child was born on December 13, 1999.
6. The Court finds that the parents have made minimal efforts in order to adjust their circumstances, their conduct, and conditions to make it in the best interest of the child to return him to their home in the foreseeable future. In support of that finding, the Court notes that the visitation between the mother and the minor child has been very sporadic. The visitation has stopped for several significant periods. Neither parent has made any financial contribution to the child's maintenance; nor has either parent consistently recognized the child on special occasions such as birthday or holidays. Both parents have failed to maintain consistent contract with the department, and they have both failed to make consistent inquiries as to the well-being of this child. The respondent mother has not taken any steps in order to address the issues in her lifestyle which prevent her from being reunified with the child. Specifically, she has failed to address her issue with drug abuse, lack of a stable home environment, and parenting skills. The respondent father has not taken any action whatsoever with respect to this child.
7. The Court finds that neither parent has been prevented from maintaining a relationship with this child. The Court further finds that the economic circumstances of the parents were not a factor in their inability or failure to establish a relationship with the child. The evidence shows that the department has made reasonable efforts to reunify the parents and the child and to offer services which would allow the parents to both establish and maintain a relationship with this child. There were no services offered to the respondent father because of his failure to come forward and assume any role in this child's life.
In light of the foregoing findings, the Court finds that it is the best interest of the minor child for the Court to terminate the parental CT Page 16003 rights of Carolyn K. and Charles W. and the Court does terminate such rights. The Court hereby appoints the Commissioner of Children and Families as statutory parent for the minor child, Tyquell K.
Robaina J.